IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., : | : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| CONECTIV, et al., | : | NO. 05-3389 |
| Defendants | : : | [CONSOLIDATED] |

**MEMORANDUM and ORDER**

PRATTER, DISTRICT JUDGE                                                                                         MAY 24, 2006

The Equal Employment Opportunity Commission (the "EEOC") filed an action against Defendants Conectiv, A.C. Dellovade, Inc., Steel Suppliers Erectors, Inc., and Bogan, Inc. alleging that the Defendants violated Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, by allegedly allowing, *inter alia*, egregious racial harassment in the form of racist graffiti, display of a hangman's noose, racial slurs, and racially derogatory comments to occur at a construction site. Subsequently, Plaintiffs James T. Slater, Roy Lee Grimes, Keith Riddick, and Jeffery Campbell (collectively the "Plaintiffs") filed individual actions against various defendants, including Conectiv, all relating to the same factual background as the EEOC Complaint. The Court ordered the cases to be consolidated during discovery, with the issue to be reviewed after the close of discovery. Defendant Bogan, Inc. ("Bogan") filed a Motion to Dismiss Count I of Plaintiff Campbell's complaint, in which Mr. Campbell alleged that Bogan violated Title VII. Mr. Campbell opposes Bogan's Motion. For the reasons discussed below, the Court grants Bogan's motion and will dismiss Mr. Campbell's individual Title VII claims.

## I. FACTS AND PROCEDURAL HISTORY

In 2001, Conectiv began construction on a new power plant in Bethlehem, Pennsylvania. Plaintiffs all worked at the Bethlehem site at various times and for various employers. Mr. Campbell began working at the Bethlehem site as an electrician sometime in February or March 2002. Mr. Campbell alleges that he was subjected to egregious racial harassment, which included spoken racial slurs and racist graffiti inside the portable restrooms at the job site. Mr. Campbell alleges that he complained to his head foreman about the racist behavior, but that there was no investigation or remediation. Mr. Campbell was laid off from his job in December 2002 and was not brought back to the job site to work after that time.

Messrs. Slater, Grimes, and Riddick filed charges of discrimination with the EEOC alleging violations of Title VII at the Bethlehem job site. Mr. Campbell filed no such charge with the EEOC or its state equivalent, the Pennsylvania Human Relations Commission. On July 1, 2005, the EEOC filed a Complaint against Defendants Conectiv, A.C. Dellovade, Inc., Steel Suppliers Erectors, Inc., and Bogan, Inc. alleging that the Defendants violated Title VII by subjecting Messrs. Slater, Grimes, and Riddick (the "Charging Parties"), as well as a class of similarly situated black employees (the "Class") to a racially hostile work environment. The EEOC Complaint indicated that the "class" includes prime contractors and subcontractor employees.

Also on July 1, 2005, Plaintiffs Riddick, Slater, and Grimes filed their individual actions against Conectiv and various other defendants alleging violations arising out of the same factual background as alleged in the EEOC Complaint. Messrs. Slater, Grimes and Riddick, in their individual actions, all filed motions to intervene in the EEOC action pursuant to Federal Rule of

Civil Procedure 24(a) and to consolidate the cases.[1] On October 11, 2005, after hearing the parties' positions on the issue, the Court consolidated the three individual actions with the EEOC action, stating that the Court would revisit the consolidation issue following the close of discovery.

On October 13, 2005, Mr. Campbell filed suit against Conectiv and Bogan alleging that Conectiv and Bogan (collectively the "Defendants") violated Title VII (Count I) and the Civil Rights Act of 1866 and 1991, 42 U.S.C. § 1981 (Count II).  Mr. Campbell also asserted a claim

---

[1] Fed. R. Civ. P. 24 provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene;
> . . .
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
> . . .
> (c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene.
> . . .

In addition, Title VII provides that "the person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." 42 U.S.C. § 2000e-5(f)(1); EEOC v. Victoria's Secret Stores, Inc., No. 02-6715, 2003 U.S. Dist. LEXIS 1290, at *2 (E.D. Pa. Jan. 14, 2003) (Waldman, J.) (Plaintiffs have an unconditional right to intervene in Title VII claims brought on their behalf.).

against the Defendants for negligent supervision (Count III). The Court thereafter consolidated Mr. Campbell's action with the other consolidated actions by order of November 18, 2005, ordering that the cases should be consolidated with the consolidation issue being revisited after the close of discovery to determine if consolidation was still in the best interest of the parties.

Thereafter, Bogan filed a Motion to Dismiss Count I of Mr. Campbell's Complaint, asserting that Mr. Campbell's claims that Bogan violated Title VII must be dismissed because Mr. Campbell failed to exhaust his administrative remedies. Mr. Campbell opposes Bogan's Motion on the basis that his Title VII claims are saved by the "single-filing" rule. The parties filed supplemental briefing on the issue of the "single-filing" rule, and ably presented oral argument on the issues.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Such a motion will be granted only when it is "certain that no relief could be granted under any set of facts which could be proved by the plaintiff." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). In making such a determination, the Court must accept as true all allegations made in the complaint and all reasonable inferences that may be drawn from those allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). To decide a motion to dismiss, courts can draw such facts and inferences from the complaint, exhibits attached to the complaint, matters of public record (including government agency records), as well as undisputably authentic documents that are attached as exhibits to the motion if the

plaintiff's claims are based on the documents.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

### B.  Exhaustion of Administrative Remedies

Prior to instituting suit in federal court alleging violations of Title VII, a plaintiff must first exhaust his administrative remedies by filing a charge with the EEOC.  Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).   The administrative charge must be filed with the EEOC within 180 days of the alleged discriminatory act, or within 300 days of such an act where the plaintiff files the charge of discrimination with the parallel state agency.  Id. at 470.  The EEOC then notifies the employer of the charge and conducts an investigation.  Id.  "The congressional policy behind this framework was to resolve discrimination claims administratively through cooperation and voluntary compliance in an informal, noncoercive manner."  Id.  If the EEOC determines that it sees no reason to take action on a particular charge of discrimination, it must issue a "right-to-sue" letter, which indicates that a complainant has exhausted his administrative remedies.  Id.  A plaintiff may not bring a suit under Title VII without exhausting his administrative remedies and receiving a right-to-sue letter.  Id. at 471.

One exception to the exhaustion requirement, however, is the "single-filing rule." Commcn's Workers of Am. v. New Jersey Dep't of Personnel, 282 F.3d 213, 217 (3d Cir. 2002). Under the single-filing rule, "a plaintiff who has not filed an EEOC charge within the requisite time period can join a class action without satisfying [the filing requirement] if the original EEOC charge filed by the plaintiff who subsequently filed a class action had alleged class based discrimination in the EEOC charge."  Id.  If there is no class action and  "plaintiffs choose to bring suit individually, they must first satisfy the prerequisite of filing a timely charge with the EEOC."  Id. (citation omitted).

Moreover, the non-filing plaintiff must have been able to file a timely charge with the EEOC at the time the filing-plaintiff lodged its claim with the EEOC (i.e., the timely filing cannot act to revive stale claims). Velez v. QVC, Inc., 227 F. Supp. 2d 384, 399 n.9 (E.D. Pa. 2002) (Robreno, J.). Although the non-filing plaintiff and filing-plaintiff's complaints need not be identical, they must arise out of similar discriminatory treatment, in the same time frame, and give the employer adequate notice and opportunity for conciliation. Id. at 399.

In general, the filing of a charge including allegations broad enough to support a subsequent class action lawsuit does not alleviate the "burden of filing the class action itself, with the attendant requirement of class certification." Whalen v. W.R. Grace & Co., 56 F.3d 504, 507 (3d Cir. 1995). In the context of a class action brought by the EEOC, however, Federal Rule of Civil Procedure 23 "is not applicable to an enforcement action brought by the EEOC in its own name and pursuant to its authority under Section 706 of Title VII." Gen. Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 323 (1980); EEOC v. United States Steel Corp., 921 F.2d 489, 495-496 (3d Cir. 1990) ("[T]he Commission need not comply with Fed. R. Civ. P. 23 when it brings suit seeking class relief under Title VII. . . .").

### III.    DISCUSSION

The parties here agree that Mr. Campbell did not exhaust his administrative remedies by timely filing a charge of discrimination with the EEOC or the PHRA. Thus, because filing a claim with the EEOC is a prerequisite to filing suit, Mr. Campbell cannot maintain an individual Title VII claim without his failure to exhaust his administrative remedies being somehow excused. Burgh, 251 F.3d at 471.

Mr. Campbell originally seemed to argue that the consolidation of his individual action with the EEOC action somehow "merged" the actions such that his individual Title VII claims

6

were somehow combined with the class claims. However, the fact that the cases have been consolidated during discovery did not act to merge the cases or in any way excuse Mr. Campbell's failure to exhaust his administrative remedies. That is, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan R. Co., 289 U.S. 479, 496-497 (1933); Cella v. Togum Constructeur Ensemleier En Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999) ("Johnson remains the 'authoritative' statement on the law of consolidation. Thus, while a consolidation order may result in a single unit of litigation, such an order does not create a single case for jurisdiction purposes.") (citations omitted).

The final question is whether the operation of the single-filing rule remedies Mr. Campbell's failure to exhaust his administrative remedies. The law in the Third Circuit is clear that it does not. Here, the state of the case is such that Mr. Campbell's Title VII claims are raised in his individual action. Mr. Campbell has not intervened – as of right or with permission – into the EEOC class action lawsuit. Thus, the only Title VII claims that he is maintaining are strictly individual. Because Mr. Campbell's claims are individual, he cannot rely on the single-filing rule and take advantage of the timely filing of another and his individual Title VII claim must be dismissed. Commcn's Workers of Am., 282 F.3d at 217 ( "[I]f plaintiffs choose to bring suit individually, they must first satisfy the prerequisite of filing a timely charge with the EEOC.") (citation omitted).

### III. CONCLUSION

For the foregoing reasons, Bogan's Motion to Dismiss will be granted. Mr. Campbell's failure to exhaust his administrative remedies is fatal to his individual Title VII action. Joyner v.

7

<u>School Dist. of Phila.</u>, 313 F. Supp. 2d 495, 500 (E.D. Pa. 2004) (dismissing Title VII claim for failure to exhaust administrative remedies by not filing charges with EEOC or PHRC). An appropriate Order consistent with this Memorandum follows.

                                                BY THE COURT:

                                            S/Gene E.K. Pratter
                                            GENE E.K. PRATTER
                                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., | : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| CONECTIV, et al., | : | NO. 05-3389 |
| Defendants | : : | [CONSOLIDATED] |

**ORDER**

PRATTER, DISTRICT JUDGE                                                                                          MAY 24, 2006

AND NOW, this 24th day of May, 2006, upon consideration of Defendant Bogan, Inc.'s Motion to Dismiss Count I of Plaintiff Jeffrey Campbell's Complaint (Docket No. 44), the Response thereto (Docket No. 45), and the supplemental memoranda of law (Docket Nos. 48, 51, 55), and following oral argument, it is hereby ORDERED that Defendant Bogan, Inc.'s Motion is GRANTED and Count I of Plaintiff Campbell's Complaint against Bogan, Inc. is DISMISSED.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge