IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>CONECTIV, et al.,<br><br>        Defendants. | Civil Action No. 05-03389-TMG<br>[CONSOLIDATED] |
| ROY LEE GRIMES,<br>        Plaintiff,<br>        v.<br><br>CONECTIV, et al.,<br>        Defendants. | Civil Action No. 05-03410 |

## DEFENDANT A.C. DELLOVADE, INC.'S PRETRIAL MEMORANDUM

Defendant, A.C. Dellovade, Inc. ("Dellovade"), pursuant to Rule 16.1(c) of the Local Rules of Civil Procedure and the Court's Order dated January 10, 2008, submits its Pretrial Memorandum in this action.

I.    **NATURE OF THE ACTION AND JURISDICTION**

Four separate Plaintiffs (Grimes, Campbell, Riddick, and Slater) filed individual lawsuits related to their employment with certain contractors on the Conectiv Project. In addition, the Equal Employment Opportunity Commission ("EEOC") filed suit against three of the 96 contractors that performed work on the Conectiv Project. Both the EEOC and the individual

Plaintiffs also named Conectiv, the site owner, as a Defendant, and Plaintiffs Campbell, Riddick, and Slater -- but not Grimes -- sued their respective labor unions.

In his four-count Complaint, Plaintiff Grimes makes three claims: (1) that he was subjected to race harassment/hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); (2) that he was discriminated against on the basis of race pursuant to the same statutory provisions; and (iii) negligent supervision. Jurisdiction for these claims arises under the statutes listed, as well as 28 U.S.C. § 1331 and § 1367.

In its one-count Complaint, Plaintiff EEOC asserts that Dellovade, acting as a joint employer with other Defendants, subjected a class of African-American employees to a racially hostile work environment in violation of Title VII. he EEOC subsequently abandoned any claim that the contractor Dellovade was a joint employer for purposes of Title VII. Jurisdiction for these claims arises under the statutes listed, as well as 28 U.S.C. § 1331.

The five lawsuits were joined for discovery purposes only. *See Order Consolidating Cases* (Docket No. 33); *EEOC v. Conectiv*, Civil Action No. 05-3389, 2006 U.S. Dist. LEXIS 33410, at * 4-5 ("On October 11, 2005, after hearing the parties' positions on the issue, the Court consolidated the three individual actions with the EEOC action, stating that the Court would revisit the consolidation issue following the close of discovery."). Because discovery has closed, the issue of consolidation is now ripe for the Court's consideration.

These matters were never joined for purposes of trial. Therefore, considering the separate and distinct claims of each plaintiff, which were brought against separate and distinct contractor-employers, and the overwhelming risk of prejudice to the defendant contractors if

these cases are permitted to proceed as one collective action, these cases should not be joined now. Accordingly, Dellovade has filed its Renewed Motion to Sever.

On May 3, 2007, this Court denied motions for summary judgment filed by the individual plaintiffs, Dellovade, Ironworkers Local Union No. 36 (Plaintiff Slater's Union), and Electrical Workers Local Union No. 375 (Plaintiff Campbell's and Plaintiff Riddick's Union). *Order* (Docket No. 136). By supplemental order dated May 9, 2007, this Court also denied motions for summary judgment filed by Conectiv and Bogan. *Supplemental Order* (Docket No. 137). Dellovade has filed a Motion for Reconsideration of the Court's denial of the motions for summary judgment filed by Dellovade for three primary reasons.

First, regarding the race harassment claim brought by Grimes and the EEOC, Dellovade took prompt and corrective action in response to Plaintiff's only complaint of race harassment. ***This undisputed fact alone entitles Dellovade to judgment as a matter of law.*** In addition, however, Plaintiff's vague claims of a racially hostile work environment are inadequate to survive summary judgment, and at any rate, Plaintiff cannot establish the elements of his claim of race harassment.

Second, as to his race discrimination claim, Plaintiff has failed to offer any evidence of the "oral employment contract" that he alleges Dellovade interfered with (a contract that, at any rate, would be unenforceable due to his employment under a labor agreement with his Union), and Plaintiff cannot make out a *prima facie* case of race discrimination. Plaintiff did not suffer a materially adverse employment action with respect to his employment with Dellovade and cannot point to others outside his protected class who were treated more favorably than he was treated. Even if he could make out a *prima facie* case, which he cannot, Dellovade's decision to lay him off when Dellovade had no more available work for an Operating Engineer is not pretext for discrimination.

Third, Plaintiff's negligent supervision claim is barred by the Pennsylvania Human Relations Act.

## II. DEFENDANT'S COUNTERSTATEMENT OF FACTS

Dellovade is a unionized construction contractor that provides installation of architectural metal siding and roofing for large commercial and industrial projects. Dellovade bid on and was awarded the siding and louvers work for the Conectiv Project. One of 96 contractors on the 12-15 acre Conectiv Project, Dellovade employed between three and fifteen employees throughout the Project, including Plaintiff Grimes, who was the sole Operating Engineer employed by Dellovade throughout the duration of the Project. When Dellovade's work wound down at the end of July 2003, Grimes and the Ironworkers referred by their local hiring hall were laid off by Dellovade and returned to their respective hiring halls to be eligible for work with other contractors.

Dellovade hired Plaintiff Grimes through the Operating Engineers' hiring hall as its only Operating Engineer in support of Dellovade's subcontract to install siding and louvers on the Conectiv power plant project ("Conectiv Project" or "Project") in Bethlehem, Pennsylvania. After having worked for several other contractors on the Project, Plaintiff accepted his Union's referral to work for Dellovade from September 9, 2002 through July 23, 2003, when he was laid off, because Dellovade had substantially completed its work on the Project and had no more work available within the Operating Engineer trade jurisdiction.

On February 10, 2003, Grimes made his one and only complaint about race harassment or discrimination. He complained to his Union Steward that Gene Anders had called him a "nigger." Peter J. Dellovade, Dellovade's General Director of Field Services, promptly investigated this complaint, interviewed Anders, and terminated Anders' employment that same day. Grimes admits that Anders was terminated within an hour of his complaint and that he

never complained of any other workplace issues during the 10 months he was employed by Dellovade on the Conectiv Project.

The other three plaintiffs concede that they were never employed by Dellovade. *Appendix, Exhibit L, Answer of Keith Riddick to A.C. Dellovade's Request for Admissions* (Docket No. 105-15); *Exhibit M, Answer of James Slater to A.C. Dellovade's Request for Admissions* (Docket No. 105-16); *Exhibit N, Answer of Jeffrey Campbell to A.C. Dellovade's Request for Admissions* (Docket No. 105-16). Not only was Dellovade not the employer of the other plaintiffs, but Grimes also admits that he had little or nothing in common with the other plaintiffs, and in fact, only knew one of them, Keith Riddick. Riddick, an electrical worker who was employed by Bogan, and Grimes were "[j]ust friends on a job." *Appendix, Exhibit I, Deposition of Roy Grimes* (Docket No. 105-12), at 266:24. Concerning the allegations made in these lawsuits, Riddick testified that Grimes' "incidents were different." *Appendix O, Deposition of Keith Riddick* (Docket No. 105-16), at 66:3-6.

Grimes did "[n]ot personally" know James Slater, an Ironworker employed by Steel Suppliers, and never worked with Slater on the Conectiv Project. *Appendix, Exhibit I, Deposition of Roy Grimes* (Docket No. 105-12), at 276:15-18, 24, 277:1. Grimes also admits that he does not know Campbell, an electrical worker employed by Bogan, and Campbell admits that he does not know Grimes personally. *Id.* at 276:8-14, 282:9-14; *Appendix, Exhibit P, Deposition of Jeffrey Campbell* (Docket No. 105-16), at 256:6-14.

### III. <u>MONETARY DAMAGES CLAIMED</u>

Defendant Dellovade claims no monetary damages in connection with this case; however, if Dellovade prevails, Dellovade intends, where appropriate, to seek attorneys' fees and costs as a prevailing party.

## IV. WITNESSES DEFENDANT INTENDS TO CALL AT TRIAL

### A. Witnesses as to Liability and Damages

1. Plaintiff Roy Lee Grimes

2. Peter J. Dellovade
   108 Cavasina Drive
   Canonsburg, PA 15307

3. Herman J. Beaulieu
   9206 Bonita Drive
   North Fort Myers, FL 33903-2160

4. Michael Del Casale
   523 Knights Corner Road
   Elkton, MD 21921

5. Robert Keyser
   2 Cider Mill Court
   Boothwyn, PA 19061

6. Glenn Trayer

7. Daniel Kiefer
   261 W. Deerview Drive
   Auburn, PA 17922

8. Prince Alford

9. Alex Williams

### B. Witnesses as to Liability

1. Charles Mann
   1523 High Street
   Bethlehem, PA 18018

2. Charles L. Wood

3. David Rompilla

4. Ruben Soto

5. Anthony David

6. Richard Frankenfield

7. Terry Hartman

8. Robert Kilpatrick

9. Butch Anewalt
10. William Thomas
11. Joseph Kennedy
12. Neil Gerwig
13. Tammy Feaster
14. Scott Tornetta
15. David Reichert

Defendant Dellovade reserves the right to call any witnesses identified by Plaintiff or any rebuttal witnesses. Defendant Dellovade further reserves the right to amend and/or supplement this witness list.

## V. **SCHEDULE OF EXHIBITS DEFENDANT INTENDS TO OFFER AT TRIAL**

| NO. | DESCRIPTION |
|---|---|
| 1 | Collective Bargaining Agreement, Local Union 542, International Union of Operating Engineers AFL-CIO, effective April 7, 2004 |
| 2 | Declaration of Peter J. Dellovade dated November 6, 2006 |
| 3 | Certified Payroll Reports of A.C. Dellovade, Inc. |
| 4 | February 10, 2003 Letter Peter J. Dellovade to Mike Gambino confirming that Gene Anders would be terminated effective February 10, 2003 |
| 5 | Declaration of Michael Del Casale dated November 8, 2005 |
| 6 | Prime Contract |
| 7 | Project Labor Agreement |
| 8 | Defendant Conectiv's Answers To Defendant A.C. Dellovade, Inc.'s Amended Requests For Admissions |
| 9 | Affidavit of Glenn Trayer dated August 15, 2006 |

| 10 | Unified Code of Rules and Regulations for the operation of Local 542's Referral System |
| --- | --- |
| 11 | Local 542's Records Related To Roy Grimes' Job Assignments |
| 12 | Affidavit of Daniel Kiefer dated August 4, 2006 |
| 13 | Declaration of Herman Beaulieu |
| 14 | Defendant A.C. Dellovade, Inc.'s Request For Admissions Directed To Plaintiff Keith Riddick and Answer of Keith Riddick To A.C. Dellovade's Request For Admissions |
| 15 | Defendant A.C. Dellovade, Inc.'s Request For Admissions Directed To Plaintiff James T. Slater and Answer of James Slater To A.C. Dellovade's Request For Admissions |
| 16 | Defendant A.C. Dellovade, Inc.'s Request For Admissions Directed To Plaintiff Jeffrey Campbell and Answer of James Campbell To A.C. Dellovade's Request For Admissions |
| 17 | Plaintiff Roy Grimes' Tax Returns for Tax Years 2001-2006 |

In addition to the items identified above, Dellovade reserves the right to present the following at trial for identification or admission:

1. Any document or deposition testimony obtained subsequent to the filing of this Pretrial Memorandum;

2. Any and all pleadings, motions (including exhibits), Orders of the Court and discovery in the instant matter not specifically identified herein;

3. Any document identified by Plaintiffs in any pretrial exhibit list;

4. Any document produced pursuant to a trial subpoena;

5. Any demonstrative exhibit that contains or summarizes information contained in any documents or testimony, including documents or testimony introduced at trial; and

6. Any document necessary for impeachment, cross-examination or rebuttal purposes.

## VI. ESTIMATE OF THE NUMBER OF DAYS REQUIRED FOR TRIAL

Defendant estimates that a total of three days will be required for trial in this action.

## VII. SPECIAL COMMENTS REGARDING LEGAL ISSUES, STIPULATIONS, AMENDMENTS OF PLEADINGS, OR OTHER APPROPRIATE MATTERS

### A. Severance

As discussed in Section I *supra*, this matter was consolidated only for purposes of discovery. *See Order Consolidating Cases* (Docket No. 33); *EEOC v. Conectiv*, Civil Action No. 05-3389, 2006 U.S. Dist. LEXIS 33410, at * 4-5 ("On October 11, 2005, after hearing the parties' positions on the issue, the Court consolidated the three individual actions with the EEOC action, stating that the Court would revisit the consolidation issue following the close of discovery."). Because discovery has closed, the issue of consolidation is now ripe for the Court's consideration. Defendant Dellovade has filed a Renewed Motion to Sever the claims of each of the plaintiffs. Considering the separate and distinct claims of each plaintiff, which were brought against separate and distinct contractor-employers, and the overwhelming risk of prejudice to the defendant contractors if these cases are permitted to proceed as one collective action, these cases should not be joined now.

### B. Reconsideration of Denial of Summary Judgment

Also as discussed in Section I *supra*, Defendant Dellovade also has filed a Motion for Reconsideration of the denial of its Motion for Summary Judgment.

### C. Motions *In Limine*

Defendant Dellovade has filed several Motions *In Limine* to preclude Plaintiffs from offering several pieces of evidence. Among those Motions *In Limine*, consistent with Defendant's Motion for Reconsideration, Dellovade seeks to exclude evidence pertaining to those claims which Plaintiffs cannot assert as a matter of law, including but not limited to, race

harassment based on the Gene Anders incident, Plaintiff EEOC's joint employer claim, Plaintiff Grimes' negligent supervision claim, and Plaintiff Grimes' claim based on a purported oral contract of employment. Defendant also seeks to preclude Plaintiffs from offering evidence of the following; (1) allegedly harassing conduct of which Defendant was not aware; (2) allegedly harassing conduct of which Plaintiff Grimes was not aware; (3) alleged conduct that was not race-based; (4) the EEOC determination; (5) reference to foreman at the site, including Gene Anders, Herman Beaulieu, and Charles Mann, as supervisors; (6) testimony of Plaintiffs' experts; and (7) evidence pertaining to damages sought including back pay, front pay and punitive damages.

Respectfully submitted,

*s/ Joseph P. Milcoff*
Joseph P. Milcoff
PA Id. No. 83820
Shweta Gupta
PA Id. No. 84388
jmilcoff@reedsmith.com
sgupta@reedsmith.com

REED SMITH LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219-1886
(412) 288-4108/4054


Kimberly M. Kaplan
PA Id. No. 70865
kkaplan@reedsmith.com

REED SMITH LLP
2500 One Liberty Place
Philadelphia, Pennsylvania 19103
(215) 241-7965

*Counsel for Defendant,
A.C. Dellovade, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of February, a true and correct copy of the foregoing Defendant A.C. Dellovade, Inc.'s Pretrial Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

*s/ Joseph P. Milcoff*
Counsel for Defendant A.C. Dellovade, Inc.